UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA KOEHLER, as Next Friend of I.S., et al., ) ) ) Plaintiffs, ) ) v. ) ) JOAN SNYDER, et al., ) ) Defendants. ) | No. 4:13-CV-836 CAS |

## MEMORANDUM AND ORDER

Pending before the Court is Patricia Koehler's motion for appointment as next friend for the minor children I.S., G.S., and L.S., who are plaintiffs in this matter. Joan K. Snyder, the mother of the minor children, is a defendant in this action. Defendant Snyder opposes the motion stating that Ms. Koehler seeks appointment as next friend out of personal spite. Defendant Anheuser-Bush Companies, LLC ("AB") has no opposition to the motion for appointment as next friend. For the following reasons, the motion will be granted.

## Background

The above-captioned case involves a dispute over who are the proper beneficiaries to a pension plan, which is covered by the Employee Retirement Income Security Act ("ERISA"). Decedent John Snyder worked for AB for many years and had acquired benefits under one of its pension plans. Mr. Snyder was married to defendant Joan Snyder. Together they had seven children, including the three minor children, I.S., G.S., and L.S. After his retirement from AB, the Snyders' marriage was dissolved by a Judgment of Dissolution of Marriage entered in state court in July 2011. Sadly, Mr. Snyder died of cancer a year later.

Following his death, according to the complaint, AB determined that because of the divorce, the Snyders' children were the beneficiaries entitled to receive payments under the pension plan. Defendant Snyder, however, contacted AB through counsel and stated that she was making a competing claim to the benefits.

Patricia Koehler, who is Mr. Snyder's surviving sister, filed this action on the minor children's behalf. She seeks to enforce their right to payment of their late father's pension benefits from the AB plan. In support of her motion for appointment as next friend, she states, and no one disputes, that she is the Trustee of the John D. Snyder Revocable Trust, of which the minor children and their siblings are the beneficiaries. She also maintains, and no one disputes, that she is designated in Mr. Snyder's Last Will and Testament as the Personal Representative of the Estate of John D. Snyder.

Defendant Snyder opposes Ms. Koehler's motion on the basis that the divorce was highly contested and emotional and since the time of the divorce Ms. Koehler has borne her ill will. She states that she believes Ms. Koehler has petitioned the Court for the appointment of next friend out of vindictiveness.

## Discussion

Federal Rule 17(c) provides for the appointment of a next friend or guardian ad litem to protect the interests of a minor party to litigation. The Rule provides:

> **Infants or Incompetent Persons**. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Fed. R. Civ. P. 17(c).

I.S., G.S., and L.S. are minor children, and they cannot appear in this Court or prosecute this case on their own behalf. No one has suggested that they have "a representative," such as "a general guardian, committee, conservator, or other like fiduciary." Id. Defendant Snyder is their mother, but in this matter her interests are adverse to those of her children. Therefore, to protect the minor children's interests in this litigation, the Court must appoint a next friend.

The Court must now determine whether Ms. Koehler is the appropriate person to appoint as next friend. In Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), the Supreme Court identified two "firmly rooted" prerequisites for standing as a next friend. First, the next friend must provide an explanation as to why the real party in interest cannot appear on his own behalf. This prerequisite has been met in this action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate. The majority of courts have held that the next friend must have some significant relationship with the real party in interest. See Whitmore, 495 U.S. at 163-64; Carson P. v. Heineman, 240 F.R.D. 450, 516 (D. Neb. 2007) (surveying federal law).

It is undisputed that Ms. Koehler has a significant relationship with I.S., G.S., and L.S. She is their aunt and the person their father chose to appoint as the trustee of his trust and as the personal representative of his estate. Defendant Snyder opposes the appointment because she claims, without evidentiary support or explanation, that Ms. Koehler bears her ill will since the divorce and that she is motivated by spite, not the interests of the children. Divorce by its definition breaks up a family, and there is often animosity between the "sides." However, as pointed out by Ms. Koehler, she is not seeking personal gain from this litigation, but rather she wishes to have the minor children's

claim to the pension benefits heard and adjudicated. Furthermore, no party has suggested an alterative person who is able and willing to act as a next friend for the minor children.

After having carefully considered the issue, the Court finds Patricia Koehler is the appropriate person to act as next friend for I.S., G.S., and L.S. in this matter, as she has a significant relationship with the minor children and appears to be dedicated to their best interests.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for appointment of next friend for plaintiffs I.S., G.S., and L.S. is **GRANTED**, and Ms. Patricia Koehler is appointed as next friend for I.S., G.S., and L.S. [Doc. 2]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of August, 2013.